IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LAMAR PRILLIMAN | * |
| v. | * Civil No. RDB-10-1802 |
| UNITED STATES OF AMERICA | * |

* * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | * Crim. No. RDB-06-0297 |
| LAMAR PRILLIMAN | * |

## MEMORANDUM OPINION

On July 2, 2010, Lamar Prilliman, a federal prisoner, filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Paper No. 63). The Government filed this Motion to Dismiss Prilliman's Motion (Paper No. 65), arguing that the one-year statute of limitations for Motions to Vacate under 28 U.S.C. § 2255 bars Prilliman's Motion. The Government's Motion to Dismiss is **DENIED**. The Government's request for a 60-day extension of time to file a complete response is **GRANTED**.

## BACKGROUND

The Petitioner is Lamar Prilliman. Prilliman raises a constitutional challenge to his guilty plea under the Sixth Amendment to the U.S. Constitution. On February 1, 2008, this Court sentenced Prilliman to a 262-month term of imprisonment. On February 20, 2009, the U.S. Court of Appeals for the Fourth Circuit affirmed Prilliman's conviction. On April 13, 2009, the Fourth Circuit denied his motion for rehearing. Prilliman did not petition for a writ of certiorari with the Supreme Court of the United States. Instead, Prilliman mailed his Motion to Vacate,

Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 on June 29, 2010. The U.S. Attorney filed this Motion to Dismiss on August 16, 2010, arguing that the one-year statute of limitations for motions seeking collateral relief bars his claims.

ANALYSIS

Under 28 U.S.C. § 2255(f)(1), Prilliman had one year from the day his judgment of conviction became final to file his Motion to Vacate. The issue in this case is when did Prilliman's judgment of conviction become final. The Government argues that Prilliman's judgment of conviction became final on April 13, 2009, the day the U.S. Court of Appeals for the Fourth Circuit issued its mandate denying Prilliman's motion for rehearing. The Government is mistaken. Instead, the statute of limitations started running 90 days *after* the Fourth Circuit denied Prilliman's motion for a rehearing, on July 14, 2009. Prilliman, therefore, had until mid-July of 2010 to file his motion. He filed his motion on June 29, 2010.

A judgment of conviction becomes final "when the time for seeking such [Supreme Court] review expires." *Clay v. United States*, 537 U.S. 522, 532 (2003).[1] Under *Clay*, Prilliman had 90 days after the Fourth Circuit denied his motion for rehearing to petition for a writ of certiorari with the Supreme Court. SUP. CT. R. 13(1).[2] When he opted not to petition the Supreme Court for a writ of certiorari, Prilliman's conviction, became final when the 90-day window for filing a petition with the Supreme Court ended. The Supreme Court Rule is explicit on this question: "[I]f a petition for rehearing is timely filed in the lower court by any party, . . . *the time to file the petition for a writ of certiorari for all parties* (whether or not they requested

---

[1] "We hold that, for federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires." *Clay*, 537 U.S. at 532.
[2] "[A] petition for writ of certiorari to review a judgment in any case . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment." SUP. CT. R. 13(1).

2

rehearing or joined in the petition for rehearing) *runs from the date of the denial of rehearing* or, if rehearing is granted, the subsequent entry of judgment." SUP. CT. R. 13(3) (emphasis added).

The Fourth Circuit denied Prilliman's motion for rehearing on April 13, 2009. He had 90-days from April 13 to petition the Supreme Court for a writ of certiorari. He chose not to do so. His judgment of conviction, therefore, became final on July 14, 2009. Prilliman had one year from July 14, 2009 to file his Motion to Vacate, until July 14, 2010, and he filed within that time period — on June 29, 2010. The statute of limitations does not, therefore, bar his claims.

## CONCLUSION

For these reasons, the Government's Motion to Dismiss is **DENIED**. The Government's request for a 60-day extension of time to file a complete response is **GRANTED** and the Government shall file a response within 60 days of the undersigned date.

A separate Order follows.

DATED: April 15, 2011

/s/
Richard D. Bennett
United States District Judge